## Case No. 3,280.
### The COUNTESS OF DUFFERIN.
[10 Ben. 155.][2]

District Court, E. D. New York. Oct. Term, 1878.

SEAMAN'S WAGES—WAIVER OF LIEN—PRESUMPTION—LEX CONTRACTUS.

1. C. signed shipping articles at Cobourg, Canada, to go on board of a yacht as sailing master, on a voyage to Philadelphia, at a rate of wages of $1 a day. Subsequently, but on the same day, an agreement was made between C., G and B., which, after setting forth that C. had begun to build the yacht, but had not been able to finish her, and had put the title in G., provided that G. should hold the yacht in trust for C., B. and G. himself; that G. should manage her, and after she had gone to New York and Philadelphia, should sell her, and from the proceeds, after paying all debts due, should pay certain sums to B., C. and himself, and that C. should go as sailing master at $60 a month. The yacht having come to New York, C. filed a libel against her for wages: *Held*, that the right of C. must be governed by the agreement and not by the articles; that under that agreement C. must be held to have waived any right of lien on the vessel for wages.

2. As the vessel was a foreign vessel and the contract was made in a foreign port, section 4535, Rev. St. U. S., could have no effect in the case.

3. The court could not presume that the statutory law of the dominion of Canada is the same as that of the United States.

4. In the absence of any evidence as to the law of the place where the contract was made and to be in a substantial part performed, the law maritime will be presumed to be the law controlling the mariner's contract. By that law it is competent for the mariner, by his agreement understandingly made in a proper case, to waive his lien for wages.

Benedict, Taft & Benedict, for libellant.
Scudder & Carter, for claimant.

BENEDICT, District Judge. The agreement made with the libellant subsequent to the shipping articles, is the agreement ac-

---

[2] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

cording to which the libellant's right to proceed against this yacht for his wages as the sailing master thereof must be determined. The contract of the shipping articles, if subsisting, would not avail him, as at the rate of wages stated in the shipping articles he has been overpaid. The subsequent agreement was entered into by the libellant as a part-owner in the vessel for the purpose of enabling the vessel to be finished and to run races at New York and Philadelphia, in which races she was to be sailed by the libellant. By the agreement it was stipulated that the libellant should be sailing master at $60 per month. No limit whatever is assigned to the length of the employment, either by reference to any voyage or voyages, or to any period of time. According to the agreement, the libellant was at liberty to leave the vessel certainly at the end of the first month. The agreement creates a trust for the benefit of the libellant and others, and it cannot be supposed that any of the parties contemplated that the libellant, in case he should leave the vessel at the termination of the month or at any other time, should have the right to proceed against the vessel to enforce a lien for his wages, and so put an end to the adventure. The nature and object of the agreement are inconsistent with the right of lien claimed by the libellant, and that right must be deemed to have been waived by the execution of the new agreement made subsequent to the shipping articles upon which alone his right of action rests. Section 4535 of the Revised Statutes can have no operation here, as this was a foreign vessel and the contract made in a foreign port.

The court can not presume that the statutory law of the dominion of Canada is the same as the United States statutory law declared in section 4535. 1 Greenl. Ev. § 488; Cutler v. Wright, 22 N. Y. 481.

In the absence of any evidence as to the law of the place where the contract was made and to be in a substantial part performed, the law maritime will be presumed to be the law controlling the mariner's contract. By that law it is competent for a mariner by his agreement understandingly made in a proper case to waive his right to proceed against the vessel for his wages.

The libel must be dismissed, and with costs.

COUNTY AUDITOR (LANCASTER v.). See Case No. 8,038.
COUNTY COMMISSIONERS (ASPINWALL v.). See Case No. 593.

COUNTY COMMISSIONERS OF.
[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the counties.]

COUNTY COURT OF HUMPHRIES (SPRAGGINS v.). See Case No. 13,246.

COUNTY COURT OF LINCOLN COUNTY (UNITED STATES v.). See Case No. 15,-503.
COUNTY COURT OF OUACHITA COUNTY. (UNITED STATES v.). See Case No. 14,-876.
COUNTY COURT OF VERNON COUNTY. (UNITED STATES v.). See Case No. 14,-877.